IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| NICOLE HINCKLEY ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Action No.: 3:25-cv-596-DBJ-ASH |
| ) | |
| ) | |
| CITY OF BRANDON, MISSISSIPPI ) | |
| A MUNICIPAL CORPORATION ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF NICOLE HINCKLEY'S MEMORANDUMN OF LAW IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, NICOLE HINCKLEY ("Plaintiff"), files this her Memorandum of Law in Support of her Response in Opposition to Defendant CITY OF BRANDON's ("Defendant") Motion to Stay [DE 28] and states as follows:

**I.   INTRODUCTION**

Defendant has not met its burden to stay discovery in this case. A stay is not warranted merely because Defendant filed a Motion to Dismiss that it believes is dispositive of the matter. Defendant fails to identify any concrete hardship or inequity it will face in the absence of a blanket stay of all discovery.

**II.   LEGAL STANDARD**

Indisputably a district court has inherent power to control its own docket, which includes broad discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c)(1)(A); accord *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). Although discovery may be stayed pending the outcome of a motion to dismiss, the issuance of such a stay

is the exception rather than the rule. *Harris v. DeSoto Cty.*, No. 3:24-CV-289-GHD-RP, 2025 U.S. Dist. LEXIS 11191, at *9 (N.D. Miss. Jan. 22, 2025) *citing Ford Motor Company v. United States Auto Club, Motoring Division, Inc.*, No. 3-07-CV-2182-L, 2008 U.S. Dist. LEXIS 34240, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008) (While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise.") (citations omitted), s*ee also Glover v. Argonaut Ins. Co.*, No. 22-445-SDD-SDJ, 2025 U.S. Dist. LEXIS 7755, at *3 (M.D. La. Jan. 15, 2025) (A stay of discovery in light of a pending dispositive motion is the exception rather than the rule. It is an "extraordinary step" and should not be granted merely because a defendant believes it will prevail on a dispositive motion.).

The burden is on the party seeking a stay to show its necessity. *Glover v. Argonaut Ins. Co.*, No. 22-445-SDD-SDJ, 2025 U.S. Dist. LEXIS 7755, at *3 (M.D. La. Jan. 15, 2025, citing *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Courts should exercise discretion to stay discovery only for good cause, to protect from annoyance, embarrassment, oppression, or undue burden or expense. *Id.*

### III.    ARGUMENT AND AUTHORITIES

#### A. A Stay Will Harm Plaintiff

Defendant has commanded that Plaintiff remove her emotional support animals from Brandon, Mississippi, forcing Plaintiff to choose between living in her home and having access to the assistance animals she relies upon for her mental health. Notwithstanding the lack of any evidence that either of Plaintiff's emotional support animals have harmed any person or animal or demonstrated any tendency to do so, Defendant has steadfastly refused the pleas of Plaintiff and her counsel to forebear on enforcing its breed ban until this matter is resolved on its merits. The

record in this matter contains an initial complaint verified by Plaintiff [DE 1¶ 81, 93, 94 ] and a Declaration from Plaintiff's therapist [DE 26 Ex 1] attesting that the symptoms of Plaintiff's mental health impairments have been exacerbated by the demand that she remove her emotional support animals or face fines, and by the Defendant's refusal to even temporarily retract that mandate in light of a pending HUD complaint and this lawsuit. Further delay will only prolong harm to Plaintiff, and Defendant can cite no evidence to the contrary.

### B. Defendant Has Not Carried Its Burden to Show Good Cause For A Stay

Defendant seeks a stay of discovery solely upon its presumption that it will no doubt be victorious in its motion to dismiss. It fails to articulate any undue hardship it will suffer beyond the ordinary burdens of litigation absent a stay. For a movant to show "good cause" under Rule 26(c), "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Willis v. Keen*, No. 4:23-CV-197-DMB-JMV, 2024 U.S. Dist. LEXIS 53676, 2024 WL 1291514 at *2 (N.D. Miss. Mar. 26, 2024) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02, (1981). Ordinary burdens associated with litigating a case do not constitute "undue burden." See *Nationwide Mut. Ins. Co. v. Patel*, No. 3:24-CV-00393-HTW-LGI, 2025 U.S. Dist. LEXIS 62019, at *7 (S.D. Miss. Apr. 1, 2025) (denying motion to stay because movant did not present evidence that the breadth of discovery sought is significant, nor show a burden of responding to discovery), *see also Glover v. Argonaut Ins. Co.*, No. 22-445-SDD-SDJ, 2025 U.S. Dist. LEXIS 7755, at *3-4 (M.D. La. Jan. 15, 2025) (Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion, because the mere existence of a dispositive motion does not constitute good cause.) (citations omitted).

### C. The Cases Cited by Defendant Do Not Support a Stay of Discovery in This Case

Defendant's cited authorities are distinguishable from the case at hand. In *Brandon Meng v. William Carey Univ.*, No. 2:24-cv-199-KS-MTP, 2025 U.S. Dist. LEXIS 89668, at *4 (S.D. Miss. May 12, 2025) the Court order that discovery would not commence while a motion to dismiss was pending only upon a finding that "Plaintiff has not demonstrated that he would be prejudiced." Plaintiff has irrefutably demonstrated prejudice.

In *McMillian v City of Aberdeen*, 1:24-CV-198-SA-DAS, DE 14 (N.D. Miss. Dec. 5, 2024) the plaintiff argued that a stay of discovery was not warranted because the Defendant's motion to dismiss was "being used by the City of Aberdeen as a strategic way to delay this case" and indicated that he "wishes to proceed with the discovery process in this matter, due to him being confident that he can win this case on its merits." Notably, unlike the Plaintiff in this matter, he did not articulate any prejudice he would suffer if the motion to stay was denied.

In *Pryor v. City of Pontotoc*, No. 3:23-cv-309-MPM-JMV, 2024 U.S. Dist. LEXIS 25900, at *2 (N.D. Miss. Feb. 8, 2024), the Court noted "Defendant's motion for judgment on the pleadings raises questions of law that, if decided in favor of Defendant, could terminate the litigation." Defendant City of Brandon's Motion to Dismiss questions whether Plaintiff's is "disabled"[1], and whether her requested accommodation is "reasonable" or "necessary"- all of which are typically factual determinations. *See Carter v. Pathfinder Energy Servs., Inc*. 662 F.3d 1134, 1142 (10th Cir. 2011). (Whether an impairment is a disability because it substantially limits a major life activity is ordinarily a question of fact for the jury.), *Rivera v. Mora Dev. Corp.*, 624 F. Supp. 3d 80, 90 (D.P.R. 2022) (In most cases, the question of "whether an accommodation is reasonable and necessary [is] fact-intensive and not suited to resolution on a motion to dismiss or

---

[1]

even summary judgment.") citing *Summers v. City of Fitchburg*, 325 F. Supp. 3d 203, 211 (D. Mass. 2018), aff'd, 940 F.3d 133 (1st Cir. 2019); see also *Jankowski Lee & Associates v. Cisneros*, 91 F.3d 891, 896 (7th Cir. 1996), as amended (Aug. 26, 1996)("Whether an accommodation is 'reasonable' is a question of fact, determined by a close examination of the particular circumstances.")(citing *United States v. California Mobile Home Park Management Co.*, 29 F.3d 1413, 1418 (9th Cir.1994)). Furthermore, whether Plaintiff's emotional support animals pose such a significant "direct threat" to other residents of that Brandon, Mississippi that Defendant may legally order their permanent removal is both a factual determination, *Chavez v. Aber*, 122 F. Supp. 3d 581, 597 (W.D. Tex. 2015) ("[D]etermining whether [Chato] poses a direct threat that cannot be mitigated by another reasonable accommodation is not a question of law, [but] is distinctly a question of fact."), and an affirmative defense that may not be resolved at the motion to dismiss stage. *Hunt v. Aimco Props*., L.P., 814 F.3d 1213, 1225 (11th Cir. 2016) ("But the direct threat exception described in section 3604(f)(9) is an affirmative defense and thus does not aid Aimco at the motion to dismiss stage.") (citations omitted)

Furthermore, even if Defendant's motion to dismiss is granted it presumably must be with leave to amend. *Jack v. Evonik Corp.,* 79 F.4th 547, 565 (5th Cir. 2023) (Normally, a plaintiff should be afforded at least one chance to remedy all identified flaws in his pleadings.) (citations omitted), See also *Harris v. DeSoto Cty*., No. 3:24-CV-289-GHD-RP, 2025 U.S. Dist. LEXIS 11191, at *10-11 (N.D. Miss. Jan. 22, 2025) ("As to the factual deficiencies raised in the defendants' 12(b)(6) motion, the parties dispute not only whether such deficiencies exist but also, if they do exist, the likelihood that the plaintiffs would be afforded the opportunity to cure them. While the undersigned makes no prediction whether the plaintiffs would be afforded such an opportunity, nor any suggestion whether any such deficiencies are curable, the undersigned

5

likewise is not prepared to find that the defendants' 12(b)(6) motion is reasonably likely to result in the dismissal of the case such as might warrant a "very rare" stay of discovery pending a ruling on the motion.")

Finally, *Moore v. True Temper Sports, Inc.*, No. 1:10-CV-178-NBB-DAS, 2011 U.S. Dist. LEXIS 130806, (N.D. Miss. Nov. 10, 2011), cited by Defendant, is not an order granting a stay; it is an order denying an interlocutory appeal and lifting a magistrate's order staying discovery after denial of a motion to dismiss.

## IV.     CONCLUSION

Defendant claims that Plaintiff's emotional support animals (or in Defendant's parlance her "untrained Pit Bulls") are so inherently dangerous that suffering their mere presence within the limits of Brandon, Mississippi threatens the safety of other residents. But rather than expedite resolution and therefore the permanent removal of the allegedly dangerous animals, Defendant has delayed this proceeding by requesting and receiving extensions to respond to the complaint, and to respond to Plaintiff's Motion for Preliminary Injunction. Now, apparently based solely upon its cocksure belief that its motion to dismiss will be granted with prejudice, Defendant seeks even further delay by staying discovery. However, Defendant's motion to dismiss, if granted, will further delay, not terminate the litigation, and Defendant has failed to establish any special burden justifying a stay pending resolution of its motion to dismiss. Accordingly, Defendant's Motion to Stay should be denied.

Respectfully submitted this 25th day of November, 2025.

/s/ William B/ Bedwell (MS Bar No. 105800)   /s/ Marcy I. LaHart (WSBA No.62077)

| | |
|---|---|
| WILLIAM B. BEDWELL, PLLC | MARCY I. LAHART, PLLC |
| 702 Watts Ave | 861 S. 40th Street |
| Pascagoula, MS 39567 | Tacoma, WA 98418 |
| Office Phone: (228) 202-1202 | Office Phone: (352) 545-7001 |
| Mobile Phone: (601) 550-8629 | Mobile Phone: (561) 358-5436 |
| Facsimile: (228) 366-9085 | Facsimile: (888) 400-1464 |
| Email: will@bedwellattorney.com | Email: marcy@doglaw.co |

## CERTIFICATE OF SERVICE

I certify that on November 25, 2025 a copy of this motion was electronically filed with the Clerk of Court, using the CM/ECF system, which notified all counsel of record.

/s/ *Marcy I. LaHart*
Marcy I LaHart